08-2450-ag
Li v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of October, two thousand ten.

PRESENT:
>       DENNIS JACOBS,
>               *Chief Judge*,
>       JON O. NEWMAN,
>       PIERRE N. LEVAL,
>               *Circuit Judges*.

———————————————————————

| | |
|---|---|
| MING LI v. HOLDER,[1]<br>A070 905 365 | 08-2450-ag |

———————————————————————

| | |
|---|---|
| LIANG TAI WANG v. HOLDER,<br>A073 166 614 | 08-3427-ag |

———————————————————————

| | |
|---|---|
| **YING HUANG v. BCIS,**<br>**A077 281 422** | 08-3740-ag |

————————————

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted where necessary.

———————————————————————
———————————————————————

**DIAN GAO v. HOLDER,**
A074 856 462                                        08-5965-ag

———————————————————————

**ZU YI YANG v. HOLDER,**
A072 765 750                                        09-0423-ag

———————————————————————

**FENG JING CHEN v. HOLDER,**
A077 545 465                                        09-0450-ag

———————————————————————

**HE QIANG CHEN, a.k.a. CURTIS**
**MAO CHEN HUNG, v. HOLDER,**                        09-0603-ag
A077 318 279

———————————————————————

**XIAO YANG, a.k.a. XIAOWEI**
**YANG, v. HOLDER,**                                 09-0651-ag
A073 134 267

———————————————————————

**AI HAO YANG v. HOLDER,**
A072 763 959                                        09-0653-ag

———————————————————————

**ZHI MING ZHANG v. HOLDER,**
A072 372 813                                        09-0813-ag

———————————————————————

**YU LAN LI v. HOLDER,**
A077 293 406                                        09-0886-ag

———————————————————————

**NAN SHENG JIANG v. HOLDER,**
A073 571 330                                        09-1692-ag

———————————————————————

_____

**ZHU JIAN CHANG, a.k.a. ZU**                    **09-3121-ag**
**JIAN ZHANG, v. HOLDER,**
**A072 842 412**

_____

**CUI HUI LIN v. HOLDER,**                       **09-4289-ag**
**A073 574 229**

_____

**YAN MI LIN v. HOLDER,**                        **09-4427-ag**
**A095 716 948**

_____

**JIN XIU LIN v. HOLDER,**                       **09-4616-ag**
**A077 341 016**

_____

**FENG ZHU PAN, a.k.a.**                         **09-4794-ag**
**FENGZHU PAN, v. HOLDER,**
**A073 646 042**

_____

**LINCHUN DONG, a.k.a. AMY**                     **09-4900-ag**
**DONG, v. HOLDER,**
**A079 067 011**

_____

**JIAN-ZHONG CHEN v. HOLDER,**                   **10-0004-ag**
**A073 207 842**

_____

**QING RONG ZHENG v. HOLDER,**                   **10-0113-ag**
**A072 434 592**

━━━━━━━━━━━━━━━━━━━━━━━━━━━

UPON DUE CONSIDERATION of these petitions for review of

several Board of Immigration Appeals ("BIA") decisions, it is

hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for

review are DENIED.

Each of these petitions challenges a decision of an immigration judge ("IJ") or the BIA denying a motion to reopen based on either the movant's failure to demonstrate changed country conditions sufficient to avoid the applicable time and numerical limits or the movant's failure to demonstrate *prima facie* eligibility for the underlying relief sought. *See* 8 C.F.R. §§ 1003.2(c), 1003.23(b). We review the denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

Petitioners, all natives and citizens of China, filed motions to reopen based on their claim that they fear persecution because they have one or more children in violation of China's coercive population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-72 (2d Cir. 2008), we find no error in the BIA's decisions. While the petitioners in *Jian Hui Shao* were from Fujian Province, as are most of the petitioners here, one petitioner is from Guangdong Province[2] and one is from Zhejiang Provinces.[3] Regardless, as with the

---

[2]The petitioner in *Zhi Ming Zhang v. Holder*, No. 09-0831-ag.

[3]The petitioner in *Xiao Yang, a.k.a. Xiaowei Yang v. Holder*, No. 09-0651-ag.

evidence discussed in *Jian Hui Shao*, the evidence they have submitted related to Guangdong and Zhejiang Provinces either does not discuss forced sterilizations or references isolated incidents of persecution of individuals who are not similarly situated to the petitioners. *See id*. at 160-61.

Some of the petitioners[4] argue that the BIA applied an incorrect burden of proof by requiring them to establish more than their *prima facie* eligibility for relief. However, in those cases, the BIA either explicitly considered the petitioners' *prima facie* eligibility or found instead that they failed to demonstrate changed country conditions. *See* 8 C.F.R. § 1003.2(c); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988).

One petitioner[5] contends that the BIA improperly reviewed *de novo* the IJ's factual findings when it adopted and affirmed her decision. We disagree. *See Jian Hui Shao*, 546 F.3d at 162-63.

---

[4]The petitioners in *Dian Gao v. Holder*, No. 08-5965-ag; *Feng Jing Chen v. Holder*, No. 09-0450-ag; *He Qiang Chen, a.k.a. Curtis Mao Chen Hung v. Holder,* No. 09-0603-ag; *Xiao Yang, a.k.a. Xiaowei Yang v. Holder*, No. 09-0651-ag; *Cui Hui Lin v. Holder*, No. 09-4289-ag; *Feng Zhu Pan, a.k.a. Fengzhu Pan v. Holder*, 09-4794-ag; and *Linchun Dong a.k.a. Amy Dong v. Holder*, No. 09-4900-ag.

[5]The petitioner in *Jian-Zhong Chen v. Holder*, No. 10-0004-ag.

Contrary to the arguments asserted by several petitioners,[6] we find no error in the BIA's refusal to credit unauthenticated evidence in light of an underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

To the extent that two of the petitioners[7] argue that they were eligible to file successive asylum applications based solely on their changed personal circumstances, these arguments are foreclosed by our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158-59 (2d Cir. 2008).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with

---

[6]The petitioners in *Liang Tai Wang v. Holder*, No. 08-3427-ag; *Dian Gao v. Holder*, No. 08-5965-ag; *Zu Yi Yang v. Holder*, No. 09-0423-ag; *Feng Jing Chen v. Holder*, No. 09-0450-ag; *He Qiang Chen, a.k.a. Curtis Mao Chen Hung v. Holder,* No. 09-0603-ag; *Xiao Yang, a.k.a. Xiaowei Yang v. Holder*, No. 09-0651-ag; *Ai Hao Yang v. Holder,* No. 09-0653-ag; *Yu Lan Li v. Holder*, No. 09-0886-ag; *Nan Sheng Jiang v. Holder*, No. 09-1692-ag; *Jin Xiu Lin v. Holder*, No. 09-4616-ag; *Linchun Dong, a.k.a. Amy Dong*, No. 09-4900-ag; and *Qing Rong Zheng v. Holder*, No. 10-0113-ag.

[7]The petitioners in *Ying Huang v. BCIS*, No. 08-3740, and *Ai Hao Yang v. Holder*, No. 09-0653-ag.

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk